# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4060 | **DATE** | 11/30/2012 |
| **CASE TITLE** | Banks vs. Enova Financial et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, this Court affirms the Order of the Magistrate Judge and denies defendant's Motion to Set Aside the Order..

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

On July 23, 2012, defendant Enova Financial filed Objections to the Magistrate Judge's Order on Spoliation and a Motion to Set Aside the Order. This Court entered a briefing schedule, with which neither party complied. This Court struck the motion, but thereafter allowed the parties a second opportunity to brief defendant's motion. Plaintiff did not respond. For the reasons stated herein, this Court affirms the Order of the Magistrate Judge and denies defendant's Motion to Set Aside the Order.

On July 10, 2012, Magistrate Judge Nan Nolan entered an order granting in part and denying in part plaintiff Banks' Motion to Compel the Production of Certain Electronically Stored Information. Magistrate Judge Nolan requested the parties brief only the allegation of spoliation of the audio recording of customer service telephone calls that were the catalyst to Banks' termination. The magistrate judge found that Enova Financial was under a duty to preserve the recording at the time it destroyed the recording as part of its routine file destruction and retention policy. The magistrate judge further found that, although the evidence did not support a finding of willfulness or bad faith, the evidence did support a finding of fault or gross

**STATEMENT**

negligence by Enova. The magistrate judge sanctioned Enova by a presumption at the summary judgment stage of a factual dispute as to whether plaintiff hung up on the customer, and if the case proceeds to trial, the court should instruct the jury with a "spoliation charge." The magistrate judge left the precise contours of the "spoliation charge" for this Court to determine in the event of trial, but distinguished a "spoliation charge" from an "adverse instruction" in that a "charge" does not <u>require</u> the jury to presume that the lost evidence is both relevant and favorable to the innocent party. Defendant objects to this sanction, arguing that Magistrate Judge Nolan's decision applied the incorrect standard for spoliation and therefore is clearly erroneous and contrary to law.

**Background**

Plaintiff, Jonathan Banks, was employed by CashNet America in the In-bound Collections Department. CashNet America, part of Enova Financial, provides short-term cash advances over the Internet to customers in the United States, United Kingdom, Australia and Canada. In-bound collections employees field calls from customers who want to initiate payment arrangements. In-bound collections calls are recorded and retained for ninety days before being deleted. Banks filed the instant lawsuit claiming discrimination and retaliation. On November 6, 2008, a customer called Banks' supervisor to complain that Banks' had hung up on him twice that day. According to defendant, the supervisor listened to the audio recordings of the customer's calls and discussed the matter with plaintiff's manager, who also listened to the recording, as did a representative from Human Resources. Banks was terminated on November 13, 2008. The recording of the calls was destroyed on February 6, 2009, as part of defendant's routine ninety day retention and destruction policy.

Plaintiff filed an EEOC charge on November 22, 2008, but defendant asserts that it did not receive notice of the charge until December 23, 2009. Plaintiff filed a claim for unemployment on December 9, 2008, which was awarded. Defendant appealed the award of unemployment benefits on January 8, 2009. Plaintiff filed a complaint in this matter on June 30, 2010.

**STATEMENT**

**Legal Standard**

A district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Under Rule 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the order is clearly erroneous or contrary to law. *Fed. R. Civ. P.* 72(a). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Webb v. CBS Broadcasting, Inc.,* No. 08 C 6241, 2011 U.S. Dist. LEXIS 23258, 2011 WL 842743, at *2-3 (N.D. Ill. Mar 8, 2011). In general, a magistrate judge's choice between two permissible views of the facts will not meet the clearly erroneous standard. *Id.* at *3.

**Discussion**

Defendant argues that Magistrate Judge Nolan lacked the authority to impose the sanction here because it was not based on a violation of a court order and thus pursuant to Rule 37, but was based on the court's inherent authority to regulate the litigation process. Defendant asserts, that "[w]here the court is acting based upon its inherent authority, the Seventh Circuit has made it clear that sanctions are only appropriate where there is a showing of bad faith." (Dkt. 59 at 7.) Defendant does not cite any authority for this assertion and the cases cited for the sentence that follows it do not stand for that proposition either. *SEC v. First Choice Mgmt Svcs,* 678 F.3d 538 (7th Cir. 2012), addressed the question of whether the district court properly entered a civil contempt judgment and *Marracco v. General Motors Corp.,* 966 F.2d 220 (7th Cir. 1992), addressed the question of how severely a judge may sanction a party for violating a pretrial protective order. "[A]ny distinctions between Rule 37 and the inherent powers of the court are distinctions without differences." *Gates Rubber Co. v. Bando Chem. Indus., Ltd*., 167 F.R.D. 90, 107 (D.Col. 1996).

This Court notes, as did Magistrate Judge Nolan, that an adverse inference instruction would require a showing of bad faith which the magistrate judge expressly found lacking. *See, e.g., Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428-429 (7th Cir. 2010). "An employer's destruction of or

**STATEMENT**

inability to produce a document, standing alone, does not warrant an inference that the document, if produced, would have contained information adverse to the employer's case." *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). However, here, the sanction imposed is not an adverse instruction. Therefore, the magistrate judge did not act contrary to law. The Court has broad discretion to fashion an appropriate sanction as long as it is proportionate to the circumstances. *See Nat'l Hockey League v. Metro Hockey Club, Inc.,* 427 U.S. 639, 642-3 (1976); *Barnhill v. U.S.,* 11 F.3d 1360, 1367 (7 th Cir. 1993).

Defendant also argues that "[e]ven if the lower 'fault' standard was sufficient to award an adverse inference for pre-suit spoliation, and it is not, the Magistrate Judge erred further by finding that at the time of the loss, Defendants had an obligation to preserve the audio recordings and were therefore at fault for not doing so." (Dkt. 59 at 8.) The magistrate judge found that defendants were under a duty to preserve the audio recordings based on four instances providing notice: Banks' termination based on the phone calls; Banks' termination meeting with his supervisor; the unemployment claim litigation; and the EEOC charge.

The duty to preserve documents and material that may be relevant to litigation generally arises with the filing of the complaint. *See Norman-Nunnery*, 625 F.3d at 428-429. However, "[t]he Seventh Circuit has held that the obligation to preserve evidence arises when a party 'knew, or should have known, that litigation was imminent.'" *Viramontes v. United States Bancorp*, 2011 U.S. Dist. LEXIS 7850 (N.D. Ill. Jan. 27, 2011) (quoting *Trask-Morton v. Motel 6 Operating L.P*., 534 F.3d 672, 681 (7th Cir. 2008)). Here, this Court may disagree with the magistrate judge's finding that plaintiff's termination itself, or even the meeting at which Banks was actually discharged from his employment, put defendant on notice that it should preserve the audio recordings. It would be too onerous a burden to place on all employers a duty to preserve any and all documents that form the basis for the termination of an employee because of the possibility that the terminated employee might sue. Generally, if there are two permissible views of the facts, a court's decision of one over the other cannot be clearly erroneous. *Webb,* 2011 WL 842743, at *3. Nevertheless, once the dispute over plaintiff's unemployment claim arose, defendant could reasonably anticipate litigation. Central

**STATEMENT**

to that dispute was plaintiff's assertion that he was not discharged for misconduct (i.e. hanging up on a customer) the primary evidence with which to resolve that dispute was the audio recordings. Notably, the Board of Review that determined plaintiff was entitled to benefits concluded that because the recordings were never entered into evidence, the testimony of CashNet's human resources manager and its section manager ran "afoul of the best evidence rule." Even though this decision of the Board of Review occurred after the destruction of the tapes, defendant admits that it appealed plaintiff's initial award of unemployment benefits from the local employment security office a month prior to the destruction of the tapes. While it is true that not every dispute means that parties should reasonably anticipate litigation, this Court is not left with the firm conviction that a mistake has been made in this instance.

    The decision of the Magistrate Judge is affirmed.